

**Rosemary Lehmberg ✶ Travis County District Attorney**
P.O. Box 1748  Austin, Texas  78767 • Telephone: 512-854-9400 • Fax: 512-854-4811

September 13, 2016

VIA ELECTRONIC FILING

Mr. Lyle W. Cayce, Clerk
Clerk, U.S. Court of Appeals
   for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA, 70130-3408

Re:   *State of Texas v. Charles Kleinert*
        Appeal No. 15-51077
        USDC No. 1:14-CR-388-1

Dear Mr. Cayce:

Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, the State of Texas, Appellant in this matter, hereby notifies the Court of case law that did not appear in the Brief of Appellant that is pertinent to an issue in this appeal.

In *Stamps v. Town of Framingham*, 813 F.3d 27 (1st Cir. 2016), the First Circuit affirmed that the unintentional or accidental use of deadly force in the course of an intentional seizure may violate the Fourth Amendment if the officer's actions that resulted in the injury were objectively unreasonable, referring to "widespread agreement" on this point "among the circuits that have addressed the issue." *Id.* at 37.  Specifically, on the facts of that case, the First Circuit found that "pointing a firearm at a person in a manner that creates a risk of harm incommensurate with any police necessity can amount to a Fourth Amendment violation." *Id.* at 42.  Not only was such conduct contrary to police training, policies, and procedures, but it was "clear under existing law" that the officer "used his gun in a manner that unlawfully created such a risk." *Id.*

Mr. Lyle W. Cayce
Page 2
September 13, 2016

This opinion is pertinent to the issue discussed at pages 40–47 of Appellant's brief in this matter. The opinion supports the State's contention that Larry Jackson's death was caused by a use of excessive force in violation of the Fourth Amendment, even if the defendant meant to bludgeon and control Jackson with his firearm and discharged his firearm unintentionally. *Id.* at 36 (citing *Brower v. Cty. of Inyo*, 489 U.S. 593, 598–99 (1989)).

Please advise if the Court wishes any further briefing regarding this matter.

                                  Respectfully submitted,

                                  */s/ Rosa Theofanis*
                                  Rosa Theofanis
                                  Assistant District Attorney
                                  Appellate Division

cc:    Randy Leavitt, Eric J.R. Nichols
        word count: 275