# LEAVITT | TIBBE

——————— Attorneys at Law ———————

1301 Rio Grande Street • Austin, Texas 78701

Telephone: (512) 476-4475 • Facsimile: (512) 542-3372

**Randy T. Leavitt***                                                                     **Sherri K. Tibbe**
Randy@RandyLeavitt.com                                     Sherri@SherriTibbe.com
www.RandyLeavitt.com                                            www.SherriTibbe.com
*Board Certified in Criminal Law
Texas Board of Legal Specialization

September 19, 2016

Re:   No. 15-51077; *State of Texas v. Charles Kleinert*; In the United States Court of Appeals for the Fifth Circuit

Lyle W. Cayce, Clerk                                                    ***By E-File***
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Dear Mr. Cayce:

      Appellee Charles Kleinert files this response to Appellant's Rule 28(j) notice, filed on September 13, 2016.

      The State calls the Court's attention to *Stamps v. Town of Framingham*, 813 F.3d 27 (1st Cir. 2016), which was published before the State filed its opening brief. The State contends *Stamps* supports its argument that as a *matter of law*—regardless of the district court's factual finding that Charles Kleinert's actions were "necessary and proper" to accomplish his federal duties—Mr. Kleinert is not entitled to Supremacy Clause immunity from state prosecution.

      *Stamps* does not support overturning the district court's factual findings. There, the officer "pointed a loaded semi-automatic rifle at Stamps's head, with his finger on the trigger and the safety off. [The officer] did so even though Stamps had been subdued, was lying in a hallway on his stomach with his hands above his head, and was compliant and posed no known threat to the officers." 813 F.3d at 30; *see also* Appellee's Brief at 48 (distinguishing the district court opinion in *Stamps*). The First Circuit affirmed the district court's denial of qualified immunity to the officer, highlighting Stamps's position as a "submissive and nonthreatening bystander[]." *Id*. at 40.

Lyle W. Cayce, Clerk
September 19, 2016
Page 2

      Here, the district court found far different facts. The district court found not that Mr. Jackson was a compliant bystander, but rather that he was a non-compliant offender who had committed the crime of bank robbery in Mr. Kleinert's presence. ROA.1088. The district court also did not find that Mr. Kleinert pointed his weapon at Mr. Jackson's head, much less with his finger on the trigger. Rather, the district court found that Mr. Kleinert's firearm fired unintentionally as Mr. Kleinert and Mr. Jackson fell during the attempted arrest. ROA.1084.

      The State's continued reliance on clearly distinguishable Fourth Amendment cases—rather than on applicable Supremacy Clause immunity cases—only underscores the infirmities in the State's efforts to overcome Mr. Kleinert's claim to immunity from state prosecution for acts undertaken pursuant to his federal duties.

      Respectfully submitted,

      LEAVITT TIBBE
      ATTORNEYS AT LAW

      By: */s/ Randy T. Leavitt*

BECK | REDDEN, LLP       Randy T. Leavitt
Eric J.R. Nichols       1301 Rio Grande
Karson Thompson       Austin, TX 78701
515 Congress Ave., Suite 1900       (512) 476-4475
Austin, TX 78701       (512) 542-3372 (Fax)
(512) 708-1000
(512) 708-1002 (Fax)

cc:    Rosa Theofanis, Assistant District Attorney
Word Count: 331